**Saron ABRAHAM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70733.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Estela Richeda, Law Offices of Estela S.. Richeda, Pasadena, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Margaret Taylor, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

## MEMORANDUM **

Saron Abraham, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

Because the parties are familiar with the facts and procedural history of this case, we do not recite them here. Where, as here, the BIA adopts the IJ's decision in its entirety, we review the IJ's ruling. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the

We review the BIA's determination that petitioner has failed to establish her entitlement to asylum under the substantial evidence standard and we reverse that determination only where the evidence compels the opposite result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 and n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under the substantial evidence standard, "the administrative findings are conclusive, unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Findings of fact will be sustained if they are supported by "reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

We also review adverse credibility determinations under a substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Deference is given to the IJ's credibility determination, because the IJ is in the best position to assess the trustworthiness of petitioner's testimony. *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655 (9th Cir.2003).

■ The IJ found that petitioner's credibility was damaged by her inability to provide any documents to support her claim and the inconsistencies in her testimony. Even considering the evidence of her identity petitioner provided with her motion to reopen, there were still numerous discrepancies in petitioner's testimony. Petitioner's inconsistent statements concerning her age and grade level at the time her family was abducted, when she met Mr. Berha, how long she delivered packages for him, and whether the packages contained political documents, the mnemonics petitioner used to refer to her father's political group, the fact that petitioner claimed to attend numerous political meetings but could not say what was dis-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cussed at these meeting, and petitioner's inability to provide any specific information about her father's activities all provide substantial evidence to support the IJ's negative credibility finding and the evidence does not compel a contrary result.

The heart of petitioner's asylum claim is that the Eritrean government will impute her father's political opinion that Eritrea should be united with Ethiopia to her, and that her parents and siblings were arrested and taken away on the day Eritrea was liberated from Ethiopia. Petitioner's testimony concerning the political activities of her father, her father's friend Mr. Berha, and herself therefore go to the heart of her claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2003).

■ Additionally, even if petitioner is deemed credible, she has not proven a well-founded fear of persecution if she is returned to Eritrea. To be eligible for asylum or withholding of removal, petitioner must prove that she is unable or unwilling to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Melkonian v. Ashcroft,* 320 F.3d at 1064; *see also* 8 U.S.C. § 1101(a)(42). Petitioner testified that after her parents and siblings were arrested by the Eritrean officials, she and her maternal grandmother lived in her parents' home, and she continued to attend the same school, for the next five years until her grandmother passed away and petitioner moved to the United States. During this five year period, neither petitioner nor her grandmother were threatened or persecuted. This evidence supports the BIA's finding that petitioner

does not have a well-founded fear of future persecution.

Accordingly, we hold that substantial evidence supports the IJ's negative credibility finding and denial of petitioner's claim for asylum, withholding and relief under the Convention Against Torture.

**PETITION DENIED.**